116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAIPAN HOTEL CORP., d.b.a. Hafadai Beach Hotel, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SAIPAN HOTEL CORP., d.b.a. Hafadai Beach Hotel, Respondent.
 Nos. 96-70403, 96-70483.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided June 12, 1997.
 
 1
 Petition for Review of an Order of the National Labor Relations Board, Nos. 37-CA-3977, 37-CA-3978, 37-CA-3983, 37-CA-4027, 37-CA-4051, 37-CA-4068, 37-CA-4074, 37-CA-4134.
 
 
 2
 Before: NORRIS, HALL, and TASHIMA, C.J.
 
 
 3
 MEMORANDUM*
 
 
 4
 Saipan Hotel Corporation petitions for review of an NLRB order directing it to reinstate with backpay certain workers against whom the NLRB found Saipan Hotel to have engaged in a variety of unfair labor practices, such as intimidating employees who engaged in union activity, refusing to allow employees to discuss the terms of their employment with other employees, and firing or refusing to rehire employees who were associated with the union. The NLRB cross-petitions for enforcement of its order.
 
 
 5
 Saipan Hotel argues principally that the NLRB lacks jurisdiction, but we resolved that issue against Saipan Hotel in a published opinion, filed simultaneously with this memorandum disposition. In the alternative, Saipan Hotel argues that the parties' joint stipulation presented only the jurisdictional issues for decision, which would mean that the merits of the unfair labor practices charges are not before us. The NLRB responds that Saipan Hotel's refusal to defend on any ground other than jurisdiction functioned as an effective admission of the factual allegations in the complaint.
 
 
 6
 The joint stipulation, ER 2136-40, shows that the parties presented the merits of the labor dispute, as well as the jurisdictional question, before the NLRB. The stipulation provides that it, and the exhibits it described, "shall constitute the entire record in this case, and no oral testimony is necessary or desired by any of the parties." ER 2139. Next, the stipulation states that Saipan Hotel withdrew its answer to the complaint, with the exception of its defenses relating to the NLRB's assertion of jurisdiction. Id. Later, the stipulation states that "[t]he Respondent [Saipan Hotel] denies the commission of any unfair labor practices under the National Labor Relations Act because it asserts that the Board does not have jurisdiction in these cases." Id. And the stipulation stated that "the parties desire to submit this case for findings of fact, conclusions of law and order directly by the Board." Id.
 
 
 7
 Notwithstanding Saipan Hotel's possible intent to have bracketed out of the case the merits of the labor dispute, the stipulation plainly provides that the parties submitted the case, in its entirety, for decision by the NLRB. Certainly Saipan Hotel defended only on jurisdictional grounds, but Saipan Hotel was aware that the complaint, which was incorporated into the stipulation as exhibit B, and was thus part of the record presented to the NLRB, alleged that Saipan Hotel representatives had committed acts that violated the NLRA. Indeed, Saipan Hotel merely "denie[d] the commission of any unfair labor practices"--and withdrew its answer explaining that position. Id. The NLRB cannot be faulted, therefore, for issuing a remedial order against Saipan Hotel.
 
 
 8
 The CNMI, as amicus curiae for Saipan Hotel, argues that, even if the NLRB had authority to impose some remedy, the remedy the NLRB imposed forced Saipan Hotel into a Hobson's Choice between violating the terms of the NLRB's order or violating the CNMI's laws. The NLRB ordered reinstatement of nonresident workers, but the CNMI states that resident workers had already been hired to fill the vacant positions. Because CNMI's Nonresident Workers Act ("NWA") requires employers to accord preference to resident workers, 3 N. Mar. I.Code § 4411, CNMI argues that Saipan Hotel was placed into an impossible position: if it fired the replacement resident workers for no reason other than to fill their positions with particular nonresident workers, it would violate CNMI law; if it refused to reinstate the discriminatee nonresident workers, it would violate the NLRB's remediation order.
 
 
 9
 The NLRB argues that its remediation order was consistent with CNMI law because it required Saipan Hotel to apply for entry permits and work authorizations for the nonresident discriminatees in accordance with the NWA. Further, the NLRB argues that there is no evidence showing how many of the discriminatees' positions Saipan Hotel had filled with resident workers, so it is not clear whether Saipan Hotel was in fact faced with any dilemma regarding whom to maintain in its employ. But assuming that Saipan Hotel was faced with such a dilemma, the NLRB notes (and the CNMI concedes) that Saipan Hotel was able to reinstate the nonresident discriminatees either to their former positions or to substantially similar positions. The NLRB further argues that in the single instance in which Saipan Hotel was faced with an apparent conflict between a replacement resident and a nonresident discriminatee who vied for the only position within a job category, Saipan Hotel could have created a second, substantially similar position for the nonresident worker, and maintained the replacement resident worker on its payrolls as well. The NLRB argues that this "double-hire" situation would not work an undue hardship on Saipan Hotel because it should not have discriminated against the workers in the first instance. Indeed, the NLRB compares this potential situation to "the situation faced by any employer who, having unlawfully discharged an employee, must pay him backpay for the period during which he was not in its employ while he was also paying wages to his replacement for that period." Appellee's Br. at 43.
 
 
 10
 The NLRB is correct that its remedial order did not in any way require Saipan Hotel to violate CNMI law, as codified in the NWA. First, the remedial order did require that Saipan Hotel obtain for the nonresident workers work authorizations and reentry permits in accordance with the NWA. Cf. Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 903 (1984) ("By conditioning the offers of reinstatement on the employees' legal reentry, a potential conflict with the INA is thus avoided."). Second, the CNMI's concession that Saipan Hotel was able to reinstate 20 of the 21 the workers without violating the NWA is fatal to its argument because the NLRB offers a workable solution for the 21st worker. If Saipan Hotel suffers economic loss as a result of the remedial order, that is consistent with the NLRA's purpose.
 
 
 11
 Finally, the Hyatt Regency Saipan ("Hyatt Regency"), as amicus curiae for Saipan Hotel, argues that the NLRB's requirement that Saipan Hotel give the nonresident discriminatees backpay violates Sure-Tan. In Sure-Tan, the Court held that employees could only receive backpay for periods during which they were "lawfully entitled to be present and employed in the United States." Id. Hyatt Regency argues by analogy that the nonresident employees who were fired or not rehired had no legal right to employment in the CNMI, and so the NLRB should not have accorded them reinstatement and backpay.
 
 
 12
 Hyatt Regency's argument is inapposite. There is no evidence, and even Hyatt Regency does not argue, that the nonresident workers at issue here had gained admittance to the CNMI illegally. Instead, they were lawfully entitled to work in the CNMI; they just were not CNMI residents. Sure-Tan did not preclude legal aliens in the United States from receiving backpay or reinstatement. Id. Thus, the nonresident workers here were entitled to the full benefit of any remedies the NLRB was authorized to order.
 
 
 13
 Although we hold that the remediation the NLRB ordered in this case did not violate the CNMI's immigration law, we do note that potential for conflict does exist between some remedies available under the NLRA and the CNMI's immigration law and policies. The NLRB should be careful, as it apparently was in this case, to respect the CNMI's sovereign control over its immigration matters.
 
 
 14
 Saipan Hotel's petition for review is DENIED, and the NLRB's petition for enforcement is GRANTED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3